**MALAMISURA, Plaintiff-Appellant, v. WAGNER et, Commissioners, Defendants-Appellees.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3712.   Decided October 5, 1954.

William E. Lewis, Youngstown, for plaintiff-appellant.
William A. Ambrose, Pros. Atty., H. H. Hull, Asst. Pros. Atty., Youngstown, for defendants-appellees.

## OPINION

Per CURIAM.

Acting in compliance with the provisions of §6117.10 R. C., plaintiff notified defendants in writing on February 19, 1954, of her intention to appeal to the Probate Court of Mahoning County from the proposed action of defendants, County Commissioners, in determining to proceed by resolution with the construction of a county water supply system in Boardman Township Number 1 and Pine Hollow District No. 12, in which latter district plaintiff lives and in which her property is situated, and on which she pays taxes, which property defendants proposed to tax and which proposed tentative assessments have been levied by them, and requested the defendants, County Commissioners of Mahoning County, to fix the amount of appeal bond under and by virtue of the provisions of §6117.10 R. C.

On the twentieth day of February, 1954, defendants fixed plaintiff's appeal bond at $5,000.00, which she was unable to furnish. Thereafter in writing she requested the defendants to reconsider and fix the amount of her appeal bond "in keeping with the spirit and letter of the controlling statute," which the defendants refused to do and which resulted in plaintiff filing her action in the court of common pleas for mandatory injunction.

In plaintiff's petition the prayer is as follows:—

"Wherefore, plaintiff prays that this court enter a mandatory injunction herein ordering and directing the defendants Thomas Carney, Fred A. Wagner and Edward J. Gilronan as Commissioners of Mahoning County, Ohio, to forthwith reconsider their unlawful and arbitrary action of February 20th, A. D., 1954, in fixing said appeal bond in such unreasonable and excessive amount and further ordering the defendants to forthwith fix an appeal bond in a reasonable amount which shall be security for costs in the appeal of this plaintiff from the action of the defendant County Commissioners in determining to proceed with said proposed improvement to the Probate Court of Mahoning County, Ohio, in consonance with the mandatory provisions of §6117.10 R. C., and that plaintiff be allowed her costs herein expended."

In the court of common pleas the following judgment and decree was entered:—

"This day this cause came on to be heard upon the petition for a mandatory injunction to order the defendants to fix an appeal bond in a reasonable amount and on consideration whereof, the court fixes said appeal bond in the sum of $2500.00.

"It is therefore ordered, adjudged and decreed that the appeal bond in the above entitled and numbered cause be, and the same hereby is, fixed in the amount of $2500.00. Exception to plaintiff."

From such judgment and decree of the common pleas court the plaintiff has appealed to this court on questions of law.

Plaintiff-appellant contends that the sole and only question before

this court is "what legal interpretation shall be given to the language of §6117.10 R. C., so as to fairly and honestly carry out the legislative intent of such statute."

Sec. 6117.09 R. C., provides:—

"Any owner of property to be assessed or taxed for an improvement under §§6117.01 to 6117.45 inclusive, or §§6103.01 to 6103.30 inclusive, R. C., may appeal to the probate court from the action of the board of county commissioners in determining to proceed with the improvement in regard to any of the following matters:

"(A) The necessity of the improvement, including the question whether the cost of the improvement will exced the benefits resulting therefrom;

"(B) Boundaries of the assessment district;

"(C) The tentative apportionment of the assessment."

Sec. 6117.10 R. C., provides:—

"Any person, firm, or corporation desiring to appeal to the probate court as provided in §6117.09 R. C., when the improvement is located in two or more counties, may appeal to the probate court of the county in which property of such appellant to be assessed for such improvement is located.

"Any person, firm, or corporation desiring to appeal from the final order or judgment of the board upon any of the questions mentioned in such section, shall on or before the date of the passage of the improvement resolution give notice in writing of an intention to appeal, specifying therein the matters to be appealed from. The board shall fix the amount of the bond to be given by the appellant, which amount shall be reasonable, and shall make an entry thereof upon its journal. The appellant within ten days thereafter shall file with the county auditor a bond in the amount so fixed with sureties to be approved by the auditor, and such bond shall be conditioned to pay all costs made on the appeal if the appellant fails to sustain such appeal or the same is dismissed."

There can be no denial of the right of the plaintiff to appeal to the Probate Court of Mahoning County from the action of the Board of County Commissiners in one or all of the three matters above set forth in §6117.09 R. C.

Sec. 6117.10 R. C., provides that when the improvement is in more than one county the person desiring to appeal may prosecute such appeal to the Probate Court of the county in which the appellant's property is situated.

In this case the property being situated wholly in Mahoning County the appeal must be to the Probate Court of that county.

By the further provisions of §6117.10 R. C., it is provided that any person desiring to appeal from the final order or judgment of the board upon any of the questions mentioned in such section shall give notice in writing of an intention to appeal and the board of commissioners shall fix the amount of the bond to be given by the appellant, which amount shall be reasonable, and shall make an entry thereof upon its journal. Such written notice was duly given by appellant.

It is further provided in §6117.10 R. C., that the appellant within ten

days thereafter shall file with the County Auditor a bond in the amount so fixed with sureties to be approved by the auditor, and such bond shall be conditioned to pay all costs made in the appeal if the appellant fails to sustain his appeal or the same is dismissed.

We find and hold that the first paragraph of §6117.10 R. C., merely provides to what court the appeal shall be prosecuted in the event the improvement is located in two or more counties, but that by the second paragraph of that section **every person desiring to appeal** must give the bond therein provided for whether the improvement is in one county or more than one county. We find and hold that such appeal bond shall be in a reasonable amount and shall be conditioned, as in that section provided, to pay all costs made on the appeal if the appellant fails to sustain such appeal or the same is dismissed.

It is apparent to this court from the record that the amount of the bond fixed by the county commissioners was unreasonable and excessive as being much more than could reasonably be required to secure payment of the costs made on such appeal, and in effect deprived the plaintiff of her right to appeal from the orders of the county commissioners.

In the mandatory injunction proceeding prosecuted by the appellant to require the Board of County Commissioners to fix a reasonable amount for the payment of the costs on appeal the common pleas court was in error in fixing the amount of the appeal bond at $2500.00. It was not the province of the common pleas court to fix the amount of the appeal bond. Its duty was first to find whether the bond required by the county commissioners was reasonable or unreasonable. It apparently found that it was unreasonable, and in this respect we agree. Thereupon the court of common pleas should have ordered the county commissioners to fix a reasonable bond as provided in the statute, and not a bond for the payment of any damages that might arise as distinguished from the costs of the appeal.

For the error of the common pleas court in usurping the functions of the county commissioners and in fixing the bond in the amount of $2500.00 that court must be reversed, it appearing to this court that in fixing the amount of $2500.00 the common pleas court must have considered that the appeal bond should be sufficient to cover **damages** as well as costs arising on the appeal, since $2500.00 would be altogether unreasonable and excessive for the purpose of securing payment of costs alone, as costs are properly defined in **Section 1, Pages 10, Volume 11, O. Jur.**

The cause is remanded to the court of common pleas with instructions to direct the Commissioners of Mahoning County to fix the appeal bond in a reasonable amount to cover the costs only if the appeal fails or the same is dismissed.

GRIFFITH, PJ, PHILLIPS and NICHOLS, JJ, concur.